## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**ENTERED**
**03/14/2012**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 07-36424** |
| JULIET HOMES, LP | § | **CHAPTER 7** |
| | § | |
| Debtor(s). | § | **JUDGE ISGUR** |
| | § | |
| | § | |
| JOSEPH M HILL CH 7 TRUSTEE, *et al* | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | **ADVERSARY NO. 09-3429** |
| | § | |
| ALEX ORIA, *et al* | § | |
| | § | |
| Defendant(s). | § | |

### REPORT AND RECOMMENDATION

The Court makes this report in support of its recommendation to the District Court that the reference be withdrawn pursuant to 28 U.S.C. § 157(d).[1]

Muduganti J. Reddy, Ravi Reddy, Malladi Reddy, and Shreyaskumar Patel (collectively, "Defendants") filed separate Motions for Withdrawal of Reference. (ECF No. 71, 73, 75, & 79). The Trustee's Second Amended complaint sought to avoid transfers made to these Defendants as preferential transfers or actual fraudulent transfers, in addition to suing for conversion, misappropriation, and unjust enrichment. (ECF No. 229). The Court's Memorandum Opinion dismissed the preferential transfer claims against these Defendants, but all other claims remain active. (ECF No. 291 at 32).

Defendants have requested a jury trial. (ECF No. 59, 60, 61, 62). They do not consent to a jury trial in Bankruptcy Court. (ECF No. 71, 73, 75, & 79). Muduganti J. Reddy filed a claim

---

[1] The adversaries 09-3429; 09-3432; 09-3433; 09-3434; 09-3435; 09-3436; 09-3437; 09-3438; 09-3439; 09-3440; 09-3441; and 09-3442 have been consolidated into adversary proceeding 09-3429.

against the estate and is therefore not entitled to a jury trial, as he is deemed to have submitted himself to the equitable power of the Bankruptcy Court. *Langenkamp v. Culp*, 498 U.S. 42 (1990).

All other Defendants did not file a claim and have the right to a jury trial by an Article III judge. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). Because of this right, the Court believes cause exists under 28 U.S.C. § 157(d) for withdrawal of the reference.

There are many issues which will be common to these Defendants and others who have not separately requested withdrawal of the reference, such as the complex factual issue of the transferor's fraudulent intent. To avoid unnecessary duplication, the Court recommends withdrawal of the reference for the entire consolidated adversary proceeding.

However, these causes of action are core matters in the bankruptcy case and within the Bankruptcy Court's specialized area of expertise. Accordingly, the Court recommends that this adversary proceeding remain in the Bankruptcy Court for all discovery issues and dispositive motions.

The Court recommends that the reference be withdrawn, but only after: (1) the conclusion of all discovery; and (2) this Court has ruled on all dispositive motions.

SIGNED **March 14, 2012.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE